SAMUEL, Judge.
This is a suit for property damage, mental anguish and inconvenience resulting from a vehicular collision. Following trial on the merits, judgment was rendered in favor of the defendants, dismissing the suit. Plaintiff has appealed.
The accident occurred between 6 and 7 p. m. on June 22, 1971 in a heavy rainstorm near the intersection of Millaudon Street and Leake Avenue in the City of New Orleans. Traffic on Millaudon is controlled by a stop sign at that intersection. Leake is a two-lane, two-way roadway which Millaudon intersects at an unusual angle. Immediately prior to the accident plaintiff had stopped his pickup truck on Millaudon for the stop sign. At that time the defendant car was on Leake approaching Milloudon from plaintiff’s right. After stopping, plaintiff proceeded to make a right turn into Leake.
Four witnesses testified at the trial of the matter, plaintiff and these three defense witnesses: Conrad Vigo, minor driver of the defendant car, Lynn Vigo, sister of the driver and a guest passenger in that vehicle, and Mrs. Barbara Vigo, mother of *211 the driver and owner of the defendant automobile.
Plaintiff testified: After stopping and after observing no approaching traffic he completed the right turn entirely in the proper, or his right, lane of traffic on Leake and proceeded a distance of about 100 to 150 feet. At that time he observed the approaching defendant vehicle apparently out of control, wobbling and zigzagging back and forth between both traffic lanes. He pulled as far as possible to the right and stopped just before his truck was struck by the defendant automobile which slid from the left front to the left back side of the truck. The accident occurred entirely in his, plaintiff’s, lane where both vehicles came to rest after the accident.
The defendant driver testified: He was traveling on Leake at a speed of between 25 to 30 miles per hour. About 75 to 100 feet from the intersection of Millaudon he saw the plaintiff truck stopped for the stop sign. As the truck turned onto Leake it intruded approximately 2 feet into the defendant traffic lane. Fearing a head-on collision, he applied his brakes about 50 feet from the intersection, causing his vehicle to skid. His car remained entirely within its proper lane of travel and the two vehicles collided in that lane about 20 feet from the intersection. When the vehicles came to rest after the collision, the defendant car was still in its proper lane, the plaintiff truck was just on the center line, and the debris resulting from the collision was entirely in the defendant lane. The testimony of the driver’s sister, the passenger in the automobile, is generally in accord with that of her brother.
Mrs. Vigo arrived at the scene about five minutes after the accident. She was in accord with the other defendant testimony regarding the location of the vehicles and debris. She also testified she drove with her own car over the route taken by plaintiff and, because of the angle at which Millaudon intersects Leake, it is impossible to turn right without going over into the opposite lane of traffic to some extent.
The two versions of the accident are irreconcilable. We are satisfied the trial judge accepted the defendant version and we find no manifest error herein. Under the facts established by the testimony of the defendant witnesses, we find no negligence on the part of the defendant driver.
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.